1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   EUMI L. CHOI (WVBN 0722)
3  Chief, Criminal Division

4  MARK L. KROTOSKI (CSBN 138549)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5035
7       Facsmile:   (408) 535-5066

8  Attorneys for Plaintiff

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

                        SAN JOSE DIVISION                *E-FILED - 10/18/05*

| UNITED STATES OF AMERICA, | ) | No. CR 05-00445-RMW |
|---|---|---|
| Plaintiff, | ) | STIPULATION REGARDING |
| | ) | EXCLUDABLE TIME AND |
| v. | ) | ORDER |
| | ) | |
| DAVID M. FISH, | ) | |
|    aka x000x, | ) | |
| | ) | |
| Defendant. | ) | |

It is hereby stipulated and agreed between defendant David M. Fish, and his counsel Paul B. Meltzer, and the United States as follows:

This matter was set for a status conference on September 26, 2005 at 9:00 a.m. In this copyright infringement case, the defense needs more time to prepare, review discovery previously provided, including a substantial amount of digital evidence, and research legal and sentencing issues. On July 21, 2005, defendant Fish was arraigned on a nine-count indictment, charging as follows: Count One: Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a Technological Measure that Protects a Copyright

STIPULATION REGARDING EXCLUDABLE TIME AND ORDER
CR 05-00445-RMW

1 | Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use
2 | Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works, in
3 | violation of 18 U.S.C. § 371; Count Two: Circumventing a Technological Measure Protecting a
4 | Copyright Work and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(1)(A),
5 | 1204(a)(1), and 18 U.S.C. § 2; Counts Three, Four and Five: Trafficking in Technology
6 | Primarily Designed to Circumvent Technological Measures Protecting A Right of a Copyright
7 | Owner and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(2)(A), and 1204(a)(1) and
8 | 18 U.S.C. § 2; Counts Six, Seven, Eight and Nine: Criminal Copyright Infringement By
9 | Electronic Means and Aiding and Abetting, in violation of 17 U.S.C. § 506(a)(1)(B), 18 U.S.C.
10 | § 2319(c)(1) and 18 U.S.C. § 2; and an allegation of Criminal Forfeiture and Destruction, in
11 | violation of 17 U.S.C. §§ 506(b) and 509(a).

The parties stipulate and move the Court to exclude time under the Speedy Trial Act from the September 26, 2005, until November 14, 2005, because the parties believe that the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial, particularly since reasonable time is needed for the defense to prepare for pretrial and trial matters, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii). The parties further stipulate that time may be excluded for reasonable time for defense preparation, since the failure to exclude time would deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence,

// // //

// // //

1  pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv).  Complicating a review of the
2  discovery and issues in this case is the fact that the defendant resides on the east coast and has
3  been unable to meet with his defense counsel.  Further time will allow for necessary discussions
4  on the issues in this case.
5      So stipulated.
6  Dated: September 21, 2005                    KEVIN V. RYAN
                                                United States Attorney
7
                                                        /s/
8                                               _____
                                                MARK L. KROTOSKI
9                                               Assistant United States Attorney
10     So stipulated.
11 Dated: September 21, 2005                            /s/
12                                              _____
                                                PAUL B. MELTZER
13                                              Attorney for Defendant Fish

# **ORDER**

Based upon the foregoing Stipulation and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the status conference set for September 26, 2005 at 9:00 a.m. for defendant Fish be continued to November 14, 2005 at 9:00 a.m.

**IT IS FURTHER ORDERED** that the time between September 26, 2005 and November 14, 2005 shall be excluded from the computation period within which the trial must commence, for the reasons and based upon the statutory provisions set forth by the parties in this Stipulation, including that time is needed for effective defense preparation..  The Court finds that the ends of justice outweigh the interests of the public and the parties in a speedier trial under 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii) (complexity), 3161(h)(8)(B)(iv) (reasonable time necessary for effective preparation taking into account the exercise of due diligence).

DATED: October 18, 2005

                                           /s/ Ronald M. Whyte
                                          RONALD M. WHYTE
                                          United States District Judge