KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

MARK L. KROTOSKI (CSBN 138549)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5035
Facsmile:   (408) 535-5066

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 12/9/05*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 05-00445-RMW |
| ) | |
| Plaintiff, ) | STIPULATION REGARDING |
| ) | EXCLUDABLE TIME AND |
| v. ) | ORDER |
| ) | |
| DAVID M. FISH, ) | |
| aka x000x, ) | |
| ) | |
| Defendant. ) | |
| ——————————————— ) | |

It is hereby stipulated and agreed between defendant David M. Fish, and his counsel Manuel Campos, and the United States as follows:

This matter was set for a status conference on November 14, 2005 at 9:00 a.m.  In this copyright infringement case, the defense needs more time to prepare, review discovery previously provided, including a substantial amount of digital evidence, and research legal and sentencing issues.  On July 21, 2005, defendant Fish was arraigned on a nine-count indictment, charging as follows:  Count One:  Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a  Technological Measure that Protects a Copyright

Work, Circumvent a  Technological Measure that Protects a Copyright Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works, in violation of 18 U.S.C. § 371; Count Two:  Circumventing a  Technological Measure Protecting a Copyright Work and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(1)(A), 1204(a)(1), and 18 U.S.C. § 2; Counts Three, Four and Five:  Trafficking in Technology Primarily Designed to Circumvent  Technological Measures Protecting A Right of a Copyright Owner and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(2)(A), and 1204(a)(1) and 18 U.S.C. § 2; Counts Six, Seven, Eight and Nine:  Criminal Copyright Infringement By Electronic Means and Aiding and Abetting, in violation of 17 U.S.C. § 506(a)(1)(B), 18  U.S.C. § 2319(c)(1) and 18 U.S.C. § 2; and an allegation of Criminal Forfeiture and Destruction, in violation of 17 U.S.C. §§ 506(b) and 509(a).

On or about October 17, 2005, defense counsel Manuel Campos was substituted as counsel for defendant Fish.  Mr. Campos recently received the discovery from prior defense counsel and needs more time to review it.  The discovery includes a substantial amount of digital evidence. Under these circumstances, the parties agree that further time is necessary for Mr. Campos to complete his review of the discovery and review legal issues with his client.  Among other things, Mr. Campos continues to review the voluminous discovery in this case.  Additionally, Mr. Campos needs further time to explore a possible resolution in this district under Fed. R. Crim. P. 20 based on a similar type of charge.  In conducting this review, Mr. Campos is reviewing discovery from another district.  It is anticipated that the instant and Rule 20 case may be resolved together in this district.  Time will also be necessary to transfer the case file from the other district to the Northern District of California.

The parties stipulate and move the Court to exclude time under the Speedy Trial Act from the December 12, 2005, until February 13, 2006, because the parties believe that the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial, particularly since reasonable time is needed for the defense to prepare for pretrial and trial matters, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii).  The parties further stipulate that time may be excluded for reasonable time for defense

1   preparation, since the failure to exclude time would deny counsel for the defendant reasonable

2   time necessary for effective preparation, taking into account the exercise of due diligence,

3   pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv).  Complicating a review of the

4   discovery and issues in this case is the fact that the defendant resides on the east coast.  Further

5   time will allow for necessary discussions on the issues in this case.

6       So stipulated.

7   Dated: December 7, 2005                          KEVIN V. RYAN
                                                    United States Attorney
8
                                                        /S/
9
                                                    _____
10                                                  MARK L. KROTOSKI
                                                    Assistant United States Attorney
11      So stipulated.

12  Dated: December 7, 2005
                                                        /S/
13
                                                    _____
14                                                  MANUEL CAMPOS
                                                    Attorney for Defendant Fish

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

Based upon the foregoing Stipulation and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the status conference set for December 12, 2005 at 9:00 a.m. for defendant Fish shall be continued to February 13, 2006 at 9:00 a.m.

**IT IS FURTHER ORDERED** that the time between December 12, 2005 and January 30, 2006 shall be excluded from the computation period within which the trial must commence, for the reasons and based upon the statutory provisions set forth by the parties in this Stipulation, including that time is needed for effective defense preparation..  The Court finds that the ends of justice outweigh the interests of the public and the parties in a speedier trial under 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii) (complexity), 3161(h)(8)(B)(iv) (reasonable time necessary for effective preparation taking into account the exercise of due diligence).

DATED: December  9 , 2005

.S. RONALD M. WHYTE
RONALD M. WHYTE
United States District Judge