1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   EUMI L. CHOI (WVBN 0722)
3  Chief, Criminal Division

4  MARK L. KROTOSKI (CSBN 138549)
   Assistant United States Attorney
5
       150 Almaden Boulevard, Suite 900
6      San Jose, California 95113
       Telephone: (408) 535-5035
7      Facsmile:   (408) 535-5066

8  Attorneys for Plaintiff

9
                      UNITED STATES DISTRICT COURT
10
                     NORTHERN DISTRICT OF CALIFORNIA
11
                            SAN JOSE DIVISION
12
                                           *E-FILED - 2/9/06*
13
   UNITED STATES OF AMERICA,     )   No. CR 05-00445-RMW
14                               )
        Plaintiff,                )   STIPULATION REGARDING
15                               )   EXCLUDABLE TIME AND
     v.                          )   ORDER
16                               )
   DAVID M. FISH,                )
17     aka x000x,                )
                                 )
18      Defendant.                )
                                 )
19

20      It is hereby stipulated and agreed between defendant David M. Fish, and his counsel Manuel

21  Campos, and the United States as follows:

22      This matter was set for a status conference on February 13, 2006 at 9:00 a.m.  In this

23  copyright infringement case, the defense needs more time to prepare, review discovery

24  previously provided, including a substantial amount of digital evidence, and research legal and

25  sentencing issues.  On July 21, 2005, defendant Fish was arraigned on a nine-count indictment,

26  charging as follows:  Count One:  Conspiracy to Commit Criminal Copyright Infringement,

27  Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution

28  Work, Traffic in Devices to Circumvent a  Technological Measure that Protects a Copyright

1 | Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use
2 | Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works, in
3 | violation of 18 U.S.C. § 371; Count Two: Circumventing a Technological Measure Protecting a
4 | Copyright Work and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(1)(A),
5 | 1204(a)(1), and 18 U.S.C. § 2; Counts Three, Four and Five: Trafficking in Technology
6 | Primarily Designed to Circumvent Technological Measures Protecting A Right of a Copyright
7 | Owner and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(2)(A), and 1204(a)(1) and
8 | 18 U.S.C. § 2; Counts Six, Seven, Eight and Nine: Criminal Copyright Infringement By
9 | Electronic Means and Aiding and Abetting, in violation of 17 U.S.C. § 506(a)(1)(B), 18 U.S.C.
10 | § 2319(c)(1) and 18 U.S.C. § 2; and an allegation of Criminal Forfeiture and Destruction, in
11 | violation of 17 U.S.C. §§ 506(b) and 509(a).

On or about October 17, 2005, defense counsel Manuel Campos was substituted as counsel for defendant Fish. Mr. Campos recently received the discovery from prior defense counsel and needs more time to review it. The discovery includes a substantial amount of digital evidence. Under these circumstances, the parties agree that further time is necessary for Mr. Campos to complete his review of the discovery and review legal issues with his client. Among other things, Mr. Campos continues to review the voluminous discovery in this case.

Additionally, Mr. Campos requested resolution in this district under Fed. R. Crim. P. 20 based on a similar charge. The defense and U.S. Attorneys Offices have signed the Rule 20 papers and are awaiting the filing and transfer of the papers and case to this district. Further time is necessary to transfer the case file from the other district to the Northern District of California.

The parties stipulate and move the Court to exclude time under the Speedy Trial Act from the February 13, 2006, until February 27, 2006, because the parties believe that the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial, particularly since reasonable time is needed for the defense to prepare for pretrial and trial matters, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii). The parties further stipulate that time may be excluded for reasonable time for defense preparation, since the failure to exclude time would deny counsel for the defendant reasonable

1  time necessary for effective preparation, taking into account the exercise of due diligence,

2  pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv).  Complicating a review of the

3  discovery and issues in this case is the fact that the defendant resides on the east coast.  Further

4  time will allow for necessary discussions on the issues in this case.

5       So stipulated.

6  Dated: February __, 2006                              KEVIN V. RYAN
                                                         United States Attorney
7

8                                                        _____
                                                         MARK L. KROTOSKI
9                                                        Assistant United States Attorney

10      So stipulated.

11  Dated: February __, 2006

12                                                       _____
                                                         MANUEL CAMPOS
13                                                       Attorney for Defendant Fish

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ORDER

Based upon the foregoing Stipulation and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the status conference set for February 13, 2006 at 9:00 a.m. for defendant Fish shall be continued to February 27, 2005 at 9:00 a.m.

**IT IS FURTHER ORDERED** that the time between February 13, 2006, until February 27, 2006 shall be excluded from the computation period within which the trial must commence, for the reasons and based upon the statutory provisions set forth by the parties in this Stipulation, including that time is needed for effective defense preparation.. The Court finds that the ends of justice outweigh the interests of the public and the parties in a speedier trial under 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii) (complexity), 3161(h)(8)(B)(iv) (reasonable time necessary for effective preparation taking into account the exercise of due diligence).

DATED: February  9 , 2006

                                              /s/ Ronald M. Whyte
                                              RONALD M. WHYTE
                                              United States District Judge