KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

MARK L. KROTOSKI (CSBN 138549)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5035
Facsmile:   (408) 535-5066

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 2/9/06*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 05-00445-RMW |
| ) | |
| Plaintiff, ) | STIPULATION REGARDING |
| ) | EXCLUDABLE TIME AND |
| v. ) | ORDER |
| ) | |
| DAVID M. FISH, ) | |
| aka x000x, ) | |
| ) | |
| Defendant. ) | |
| ——————————————— ) | |

It is hereby stipulated and agreed between defendant David M. Fish, and his counsel Manuel Campos, and the United States as follows:

This matter was set for a status conference on February 13, 2006 at 9:00 a.m.  In this copyright infringement case, the defense needs more time to prepare, review discovery previously provided, including a substantial amount of digital evidence, and research legal and sentencing issues.  On July 21, 2005, defendant Fish was arraigned on a nine-count indictment, charging as follows:  Count One:  Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a  Technological Measure that Protects a Copyright

1    Work, Circumvent a  Technological Measure that Protects a Copyright Work, and Use

2    Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works, in

3    violation of 18 U.S.C. § 371; Count Two:  Circumventing a  Technological Measure Protecting a

4    Copyright Work and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(1)(A),

5    1204(a)(1), and 18 U.S.C. § 2; Counts Three, Four and Five:  Trafficking in Technology

6    Primarily Designed to Circumvent  Technological Measures Protecting A Right of a Copyright

7    Owner and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(2)(A), and 1204(a)(1) and

8    18 U.S.C. § 2; Counts Six, Seven, Eight and Nine:  Criminal Copyright Infringement By

9    Electronic Means and Aiding and Abetting, in violation of 17 U.S.C. § 506(a)(1)(B), 18  U.S.C.

10   § 2319(c)(1) and 18 U.S.C. § 2; and an allegation of Criminal Forfeiture and Destruction, in

11   violation of 17 U.S.C. §§ 506(b) and 509(a).

12        On or about October 17, 2005, defense counsel Manuel Campos was substituted as counsel

13   for defendant Fish.  Mr. Campos recently received the discovery from prior defense counsel and

14   needs more time to review it.  The discovery includes a substantial amount of digital evidence.

15   Under these circumstances, the parties agree that further time is necessary for Mr. Campos to

16   complete his review of the discovery and review legal issues with his client.  Among other

17   things, Mr. Campos continues to review the voluminous discovery in this case.

18        Additionally, Mr. Campos requested resolution in this district under Fed. R. Crim. P. 20

19   based on a similar charge.  The defense and U.S. Attorneys Offices have signed the Rule 20

20   papers and are awaiting the filing and transfer of the papers and case to this district.  Further time

21   is necessary to transfer the case file from the other district to the Northern District of California.

22        The parties stipulate and move the Court to exclude time under the Speedy Trial Act from the

23   February 13, 2006, until February 27, 2006, because the parties believe that the ends of justice

24   served by the granting of such a continuance outweigh the best interests of the public and the

25   defendant in a speedy trial, particularly since reasonable time is needed for the defense to prepare

26   for pretrial and trial matters, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii).  The

27   parties further stipulate that time may be excluded for reasonable time for defense

28   preparation, since the failure to exclude time would deny counsel for the defendant reasonable

1   time necessary for effective preparation, taking into account the exercise of due diligence,

2   pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv).  Complicating a review of the

3   discovery and issues in this case is the fact that the defendant resides on the east coast.  Further

4   time will allow for necessary discussions on the issues in this case.

5       So stipulated.

6   Dated: February __, 2006                          KEVIN V. RYAN
                                                       United States Attorney
7

8                                                      _____

9                                                      MARK L. KROTOSKI
                                                       Assistant United States Attorney
10      So stipulated.

11  Dated: February __, 2006

12                                                     _____

13                                                     MANUEL CAMPOS
                                                       Attorney for Defendant Fish
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>ORDER</u>

2     Based upon the foregoing Stipulation and good cause appearing therefor,

3     **IT IS HEREBY ORDERED** that the status conference set for February 13, 2006 at 9:00

4 a.m. for defendant Fish shall be continued to February 27, 2005 at 9:00 a.m.

5     **IT IS FURTHER ORDERED** that the time between February 13, 2006, until February 27,

6 2006 shall be excluded from the computation period within which the trial must commence, for

7 the reasons and based upon the statutory provisions set forth by the parties in this Stipulation,

8 including that time is needed for effective defense preparation..  The Court finds that the ends of

9 justice outweigh the interests of the public and the parties in a speedier trial under 18 U.S.C. §§

10 3161(h)(8)(A), 3161(h)(8)(B)(ii) (complexity), 3161(h)(8)(B)(iv) (reasonable time necessary for

11 effective preparation taking into account the exercise of due diligence).

12 DATED: February  9 , 2006

13
                                        /s/ Ronald M. Whyte
14                                      RONALD M. WHYTE
                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28